IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

   v.                                             No. CIV 15-01101-RB-WPL
                                                   No. CR 96-00363-RB

RUBEN PAUL HERRERA,

    Defendant.

MEMORANDUM OPINION AND ORDER TO ANSWER

      This matter is before the Court, *sua sponte* under rule 4(b) of the Rules Governing Section 2255 Cases, on Defendant Ruben Paul Herrera's Motion for Sentence Relief Pursuant to Rule 60(B).  [CV Doc. 1; CR Doc. 125]  Defendant seeks a reduction in his federal sentence because two state felony convictions, which were used to enhance his federal sentence, recently have been reduced to misdemeanor convictions.  [CV Doc. 1; CR Doc. 125]  The Court will construe Defendant's Motion for Sentence Relief Pursuant to Rule 60(b) as a Motion to Vacate, Set Aside, or Correct his federal sentence pursuant to 28 U.S.C. § 2255 and will order the Government to file an answer.

      On March 5, 1997, Defendant pleaded guilty to conspiracy in violation of 21 U.S.C. § 846, possession with intent to distribute 100 grams or more of methamphetamine in violation of 21 U.S.C. § 841(b)(1)(B), and possession with intent to distribute 100 grams or more of heroin in violation of 21 U.S.C. § 841(b)(1)(B).  [CR Doc. 84]  The Court adopted the "factual findings and guideline application in the presentence report," which

calculated a total offense level of 35, a criminal history category of IV, and an imprisonment range of 235 to 293 months.  [CR Doc. 84]  The Court imposed a sentence of 292 months imprisonment and rendered final judgment on March 7, 1997.  [CR Doc. 84]

On October 10, 1997, Defendant filed a Motion Pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody.  [CR Doc. 109]  In his motion, Defendant challenged the calculation of his sentence under the United States Sentencing Guidelines (USSG), arguing that the Court erroneously imposed a four-point increase of his offense level for his role as an organizer or leader in the offense.  [CR Doc. 109]  Defendant also argued that he received ineffective assistance of counsel, in light of his attorney's failure to object to the four-point enhancement.  [CR Doc. 109]

The Court found that, pursuant to Defendant's plea agreement, Defendant had waived the right to collaterally challenge the calculation of his sentence, which was within the Guidelines range.  [CR Doc. 112]  Regardless, the Court determined that "[t]he four-point increase was clearly appropriate under § 3B1.1(a)" and "Defendant's attorney's performance at sentencing was objectively reasonable."  [CR Doc. 112]  Therefore, the Court denied Defendant's § 2255 motion with prejudice.  [CR Doc. 112]

Defendant subsequently filed a motion in the United States Court of Appeals for the Tenth Circuit for leave to file a second or successive § 2255 petition, claiming that "his offense level was improperly calculated under USSG § 4B1.1, and that his trial counsel was ineffective for failing to object to the § 4B1.1 career offender increase."  [CR Doc.

121]   On March 28, 2000, the Court of Appeals denied Defendant's motion, finding that he had "failed to make a prima facie showing as required by 28 U.S.C. § 2244(b)(3)(C) to permit the filing of a second or successive § 2255."  [CR Doc. 121]

On December 3, 2015, Defendant filed the present Motion for Sentence Relief Pursuant to Rule 60(B).  [CV Doc. 1; CR Doc. 125]  It is well established that "[t]he characterization of the action and the claim for relief by a pro se litigant is not dispositive on the availability of relief in federal court."  *Roman-Nose v. New Mexico Dep't of Human Serv.*, 967 F.2d 435, 437 (10th Cir. 1992).  Where a Rule 60(b) motion asserts "a federal basis for relief from the underlying conviction or sentence," it should "be treated as a successive [habeas] petition."  *Peach v. United States*, 468 F.3d 1269, 1271 (10th Cir. 2006) (per curiam); *see also United States v. Nelson*, 465 F.3d 1145, 1148-49 (10th Cir. 2006) (holding that a post-judgment motion challenging a federal prisoner's sentence should be construed as a successive habeas petition under 28 U.S.C. § 2255).  Therefore, the Court will construe Defendant's Motion for Sentence Relief Pursuant to Rule 60(B) as a petition for writ of habeas corpus challenging his federal sentence under 28 U.SC. § 2255.[1]

"A district court does not have jurisdiction to address the merits of a second or

---

[1] Ordinarily, when a district court recharacterizes a pro se pleading as a motion for relief under 28 U.S.C. § 2255, it must give the petitioner an opportunity to withdraw or amend his motion.  *See Castro v. United States*, 540 U.S. 375, 383 (2003).  However, "the reason for this restriction on recharacterization does not apply where, as in this case, the petitioner previously filed a § 2255 petition," because "[i]f the prisoner has filed once, any future motion will be subject to the same constraints whether it is a second § 2255 motion or a third."  *United States v. Nelson*, 465 F.3d 1145, 1149 (10th Cir. 2006).

successive § 2255 or 28 U.S.C. § 2254 claim until [the Tenth Circuit Court of Appeals] has granted the required authorization." *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) (per curiam); *see* 28 U.S.C. § 2255(h) ("A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals . . . ."). However, "[t]he term 'second or successive' is not defined in § 2255 or elsewhere in the [Antiterrorism and Effective Death Penalty Act (AEDPA)]." *In re Weathersby*, 717 F.3d 1108, 1110 (10th Cir. 2013). Although the term is not defined, it is clear "that it does not simply refer to every § 2255 motion filed second in time to a previous § 2255 motion." *Id.* (citing *Panetti v. Quarterman*, 551 U.S. 930, 941 (2007) (holding that a state prisoner's claim was not ripe at the time he filed his first § 2254 petition and, therefore, his claim would not be considered "second or successive" under § 2244(b) if the prisoner asserted the claim in a later habeas petition once it became ripe)).

In *In re Weathersby*, the Tenth Circuit Court of Appeals considered Mr. Keith V. Weathersby's motion for authorization to file a second or successive motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. In his motion, Mr. Weathersby alleged that "after he filed his first § 2255 motion, he successfully attacked his six California convictions that were used in calculating his criminal history category for his federal sentence, and those state convictions have since been expunged." *Id.* at 1109. Mr. Weathersby wished "to file another § 2255 motion to reopen his federal sentence." *Id.* The Court of Appeals observed that "'[i]f a defendant successfully attacks state sentences, he may then apply for reopening of any federal sentence enhanced by the state sentence.'"

4

*Id.* at 1109-10 (quoting *United States v. Cox*, 83 F.3d 336, 339 (10th Cir. 1996)).  The Court noted that "[i]t is the fact of the state court vacatur that gives rise to the federal claim" and, therefore, "relief under § 2255 is not available until the state conviction used to enhance the federal sentence is vacated."  *Id.* at 1110 (citing *Johnson v. United States*, 544 U.S. 295, 305 (2005)).  Because Mr. Weathersby had alleged in his motion that "the state court did not vacate his convictions until after his first § 2255 proceedings were concluded, so the basis for his proposed § 2255 claim did not exist when those proceedings were ongoing," the Court concluded that "his claim to reopen his federal sentence based on the state court's vacatur is not 'second or successive' and does not require prior authorization." *Id.* at 1111.  Therefore, the Court dismissed Mr. Weatherby's motion for authorization to file a second or successive § 2255 petition as unnecessary.  *Id.*

In the present case, Defendant alleges that two of his state court felony convictions, which "were used to enhance defendant's criminal history points to a total of 8, and criminal history category of VI" under the USSG, recently were reduced to misdemeanor convictions.  [CV Doc. 1; CR Doc. 125]  Attached to Defendant's § 2255 petition are documents reflecting that: (1) his felony conviction in the state of California, County of Tulare, for possession of methamphetamine in Case No. 72038, was reduced to a misdemeanor conviction on July 24, 2015; and (2) his felony conviction in the state of Utah, County of Iron, for possession of methamphetamine in Case No. 941500878, was reduced to a misdemeanor conviction on July 8, 2015.  [Doc. 1 at 3-5; *see also* Presentence Report]  The Presentence Report reflects that these state felony convictions

were used to calculate Defendant's criminal history points and also were two of the three possible felony convictions used to enhance Defendant's sentence as a career offender under USSG 4B1.1.  [Presentence Report]   Because Defendant's state felony convictions were not reduced to misdemeanor convictions until July 2015, the Court concludes that his claim of sentencing error did not exist at the time his first habeas petition was filed in 1997 and, therefore, his current § 2255 petition is not "second or successive."  As such, this Court has jurisdiction to adjudicate Defendant's § 2255 petition.

The Court expresses no opinion as to whether Defendant's § 2255 petition is timely under § 2255(f)(4) because Defendant exercised "due diligence" in seeking the reduction of his state felony convictions to misdemeanor convictions. *See Johnson*, 544 U.S. at 307-11 (holding that the petitioner must act diligently in initiating state-court proceedings). The Court also expresses no opinion as to whether Defendant's § 2255 petition is barred by the waiver in his plea agreement. *See United States v. Cockerham*, 237 F.3d 1179, 1183 (10th Cir. 2001) (holding that "a waiver of collateral attack rights brought under § 2255 is generally enforceable where the waiver is expressly stated in the plea agreement and where both the plea and the waiver were knowingly and voluntarily made"); *see also United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004) (holding that, in analyzing the validity of a waiver in a plea agreement, the court must determine: (1) whether the disputed issue falls within the scope of the waiver; (2) whether the defendant knowingly and voluntarily waived his rights; and (3) whether enforcing the waiver would result in a miscarriage of justice) (en banc) (per curiam).

IT IS THEREFORE ORDERED that the Clerk is directed to forward to the United States of America a copy of Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence [CV Doc. 1; CR Doc. 125] and supporting papers and exhibits, if any, together with a copy of this Order;

IT IS FURTHER ORDERED that the United States answer Defendant's motion within twenty-three days of entry of this Order.

_____
UNITED STATES DISTRICT JUDGE