IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                  CV 15-1101 RB/WPL
                                                  CR 96-363 RB

RUBEN PAUL HERRERA,

        Defendant.

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

Ruben Paul Herrera filed a Motion for Sentence Relief Pursuant to Rule 60(B). (CV Doc. 1; CR Doc. 125.)[1] He argues that he is entitled to a reduction of his sentence because two state felony convictions used to enhance his federal sentence were later reduced to misdemeanor convictions. (*See* Doc. 1 at 1-2.) Judge Brack entered a Memorandum Opinion and Order ("MOO") that construed Herrera's motion as a motion to vacate, set aside, or correct Herrera's federal sentence pursuant to 28 U.S.C. § 2255 and ordered the United States to file an answer. (Doc. 3.) Because I find that Herrera's claims may be resolved on the record alone, I have not conducted an evidentiary hearing. I recommend that his motion be denied.

**BACKGROUND**

Herrera pleaded guilty to a three count indictment for the following drug crimes on October 15, 1996: conspiracy in violation of 21 U.S.C. § 846, possession with intent to distribute 100 grams or more of methamphetamine in violation of 21 U.S.C. § 841(b)(1)(B), and

---

[1] All citations refer to filings in the civil case, unless otherwise noted with "CR Doc," which refers to filings in the criminal case.

possession with intent to distribute 100 grams or more of heroin in violation of 21 U.S.C. § 841(b)(1)(B). (CR Docs. 59, 60; Doc. 6-1 at 1.)

The Judgment, entered on February 26, 1997, and finalized on March 5, 1997, reflects a total offense level of 35, a criminal history category of IV, and an imprisonment range of 235 to 293 months, with a total term of imprisonment of 292 months. (*See* Doc. 6-1 at 2, 7.)

The Judgment states that the Court "adopts the factual findings and guideline application in the presentence report" (Doc. 6-1 at 7), but a comparison of the Judgment and presentence report reveals an important discrepancy—the presentence report applied the three-part test in the career offender guideline, USSG § 4B1.1(a) (1995), and concluded that "the defendant is a career offender; therefore, his criminal history category is a VI," whereas the Judgment did not apply the career offender guideline and found a criminal history category of IV. (*Compare* (Doc. 6-4 at 7-8) *with* (Doc. 6-1 at 7).) Though the Judgment states that Herrera is a career offender— "Defendant . . . is identified as a career offender pursuant to Sect[i]on 4B1.1" (Doc. 6-1 at 7)— Herrera could not have been sentenced under the career offender guideline because the guideline mandates a criminal history category of VI (*see* USSG § 4B1.1(b) ("A career offender's criminal history category in every case under this subsection shall be Category VI.")).

Said another way, the Judgment applied a criminal history category of IV (*see* Doc. 6-1 at 7), but the career offender guideline mandates a criminal history category of VI (*see* USSG § 4B1.1(b)), so Herrera was not sentenced under the career offender guideline. This conclusion is further supported by considering that Herrera was sentenced in 1997, which meant the sentencing guidelines were mandatory because the Supreme Court had not yet decided *United States v. Booker*, 543 U.S. 220 (2005), which "held that mandatory Guidelines ran afoul of the Sixth Amendment by allowing judges to find facts that increased the penalty for a crime beyond

'the maximum authorized by the facts established by a plea of guilty or a jury verdict.'" *Peugh v. United States*, 133 S. Ct. 2072, 2079 (2013) (quoting *Booker*).

Herrera filed his first § 2255 motion on October 10, 1997. (CR Doc. 109.) He "challenged the calculation of his sentence under the United States Sentencing Guidelines (USSG), arguing" both "that the Court erroneously imposed a four-point increase of his offense level for his role as an organizer or leader in the offense," and "that he received ineffective assistance of counsel, in light of his attorney's failure to object to the four-point enhancement." (Doc. 3 at 2.) The Court denied the motion with prejudice on November 21, 1997 (CR Doc. 112), holding that Herrera's plea agreement waived his right to collaterally challenge the calculation of his sentence, and, regardless, the four-point increase was appropriate under the applicable guideline (Doc. 3 at 2).

Herrera then filed a motion in the Tenth Circuit for leave to file a second or successive § 2255 petition. (*Id.*) He argued that his offense level was improperly calculated under the career offender guideline, USSG § 4B1.1, and that his trial counsel was ineffective for failing to object to the error. (*Id.*) The Tenth Circuit denied the motion on March 28, 2000, finding that Herrera failed to meet the criteria for filing a second or successive § 2255 petition. (*Id.*; CR Doc. 121.)

Herrera filed the current § 2255 petition on December 3, 2015. (Doc. 1.) Judge Brack entered his MOO on January 19, 2016, finding that the Court had jurisdiction to adjudicate the petition because it was not second or successive. (*See* Doc. 3 at 6.) Attached to Herrera's petition are two court orders—one from the Superior Court of Tulare County, California, dated July 24, 2015, and the other from the Fifth Judicial District Court of Iron County, Utah, dated July 8, 2015—that reclassified his drug convictions in those states from felonies to misdemeanors. (*See* Doc. 1 at 3-6.)

3

## STANDARD OF REVIEW

Because Herrera is a pro se litigant, I must construe his pleadings liberally and hold them to a less stringent standard than is required of a party represented by counsel. *See Weinbaum v. City of Las Cruces*, 541 F.3d 1017, 1029 (10th Cir. 2008) (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)). Liberal construction requires courts to make some allowance for a pro se litigant's "failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (quoting *Hall*, 935 F.2d at 1110) (alterations omitted). Even with these allowances, however, "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Id.*

## DISCUSSION

Herrera asks "if he is entitled for a sentence reduction" given that his two "now reclassified drug felony convictions were used to enhance defendant's criminal history points" and "criminal history category" "according to sections 4A1.1 and 4B1.1 of the [S]entencing Guidelines manual." (Doc. 1 at 2.) The United States responds that "because those convictions were not expunged, they remain predicate offenses warranting continued application of the career offender enhancement to Herrera's sentence." (Doc. 6 at 7.)

Herrera's first argument—that the now reclassified felony drug convictions enhanced his criminal history points—is unpersuasive because the "Criminal History Category" sentencing guideline does not add criminal history points based on the designation of an offense as a felony or misdemeanor, but rather on "each prior sentence of imprisonment." *See* USSG § 4A1.1(a), (b); *see also Bogan v. United States*, Case No. 91-cr-00551-SI-1, 2016 WL 948742, *3-4

4

(N.D. Cal. Mar. 14, 2016) (Slip Copy) ("[U]nder California's Proposition 47, petitioner obtained a reduction in his possession of a controlled substance offense from a felony to a misdemeanor," but "Proposition 47 does not permit him to obtain a resentencing," so "[t]he re-designation of his offense . . . has no impact on petitioner's criminal history category under the federal Sentencing Guidelines" because "[t]hose Guidelines turn on the length of the sentence imposed, not on whether state law designates a crime as a felony or misdemeanor").

*Bogan*'s interpretation of the criminal history category guidelines applies here, to both of Herrera's reclassified convictions. Further, it is directly applicable to the reclassification order from the Superior Court of Tulare County, California, because Herrera's California felony drug conviction was also reclassified under Proposition 47. (*See* Doc. 1 at 3 (citing California "Penal Code section 1170.18," which was added by Proposition 47 and provides that a person convicted of a felony that would be considered a misdemeanor "had th[e] act been in effect at the time of the offense" may have the felony offense "designated . . . as a misdemeanor," Cal. Penal Code § 1170.18(f), (g)).)

Herrera's second argument—that he is entitled to a sentence reduction because the reclassified felony drug convictions enhanced his criminal history category under the career offender guideline—is also unpersuasive because he was not sentenced under the career offender guideline. Had he been sentenced under the career offender guideline, his criminal history category would have been VI. The Judgment, however, reveals that his criminal history category at sentencing was IV. (*See* Doc. 6-1 at 7.)

## CONCLUSION

Herrera's criminal history points in his presentence report are not affected by the orders for reclassification entered by the state courts because the length of the sentences, rather than

their offense designation, determines the points. Further, Herrera was not sentenced under the career offender guideline, so his argument that he is entitled to a sentence reduction because the predicate felony convictions used to enhance his sentence under the career offender guideline were reduced to misdemeanors cannot prevail.

I recommend that Herrera's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence (CV Doc. 1; CR Doc. 125) be denied and this case be dismissed with prejudice. I further recommend that the Court deny a Certificate of Appealability. *See* 28 U.S.C. § 2253(c).

> **THE PARTIES ARE NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the Proposed Findings and Recommended Disposition. If no objections are filed, no appellate review will be allowed.**

_____
WILLIAM P. LYNCH
UNITED STATES MAGISTRATE JUDGE